SCHOTT, Chief Judge,
concurring in the result:
The only issue before the court is whether the trial court erred in granting defendant’s motion for summary judgment on the main demand. Defendant was entitled to summary judgment if the pleadings, affidavits, depositions, and interrogatories show that there is no issue of material fact and that he was entitled to judgment as a matter of law. C.C.P. art. 966.
Plaintiffs’ claim is based on the theory that defendant owed them a duty to care for their horse, they breached that duty by failing to protect the horse from being kicked by another horse, the horse was kicked, and the horse died as a result of being kicked. Plaintiffs are not entitled to recover if they fail to prove one of these essential elements of their claim. Stated otherwise, defendant is entitled to judgment if he proves that the horse did not die from a kick.
Defendant produced the affidavit of the veterinarian who treated the horse in her last illness. He stated that the horse died of cancer unrelated to any kick or other sort of abuse or negligence. Plaintiffs offered nothing whatsoever to contradict this statement. This left the record with no issue as to the material fact that the horse did not die from a kick and entitled defendant to a judgment dismissing plaintiffs' suit.
Plaintiffs argue that a summary judgment should not rest on an affidavit containing an opinion, but they concede that this is not the law of this circuit. The rule against summary judgment — opinion—affidavit applies to an expert offering an opinion based upon a hypothetical question. It does not apply in a case such as this where the veterinarian who treated the horse in his last illness gives his opinion as to the cause of the horse’s death.